In the Matter of the Estate of WILLIAM J. MATHESON, Deceased.

Surrogate's Court, Suffolk County, November 24, 1933.

*Wood, Cooke & Seitz* [*Elliott W. Smith* of counsel], for the executors.

*Avery & Whiting* [*I. Gainsburg* and *Joseph P. Segal* of counsel], for the claimant.

PELLETREAU, S. The papers herein indicate that Parke A. Galleher, Esq., an attorney in Washington, D. C., was retained or employed by the attorneys for the estate of the decedent in certain income tax, or estate tax, matters affecting the estate of the decedent; that the said Galleher presented a claim to the executors on May 11, 1933, for $187,456.57 for services from May 16, 1930, to January 14, 1933, and that the executors duly rejected the said claim stating that there is nothing due said Parke A. Galleher. Thereafter the said executors obtained a citation under the provisions of section 231-a of the Surrogate's Court Act, citing the claimant to show cause why he should not appear before this court and give testimony and proof, if any, concerning the particulars of the claim and why said claim, if any, should not be fixed and determined. The papers also indicate that the said claimant brought an action in the Supreme Court of New York county, in or about the month of August, 1933, against Willis D. Wood and Hugh M. Matheson and Howard O. Wood, individually, and as sole surviving partner of the copartnership Wood, Cooke & Seitz. The amount demanded in the complaint in that suit is

$187,456.57, the identical claim which the executors seek to have adjudicated by this court. The executors claim that this court has obtained prior jurisdiction and that comity requires that this court assert and retain jurisdiction over said claim to the exclusion of any court of this State.

It is contended by the claimant appearing specially that this court has no jurisdiction over the person of the claimant or the subject-matter of the claim; that the said Parke A. Galleher is not an admitted attorney at law in New York State, has not acted or participated in any proceeding in this court, and, therefore, is not within the purview of section 231-a of the Surrogate's Court Act. There is not much law upon the subject.

In view of the position taken by the Supreme Court at Special Term in New York county upon a motion for a dismissal of the action herein above referred to, also the opinion by the surrogate of Kings county in *Matter of Johnson* (149 Misc. 813), I am constrained to conclude that this court is without jurisdiction, as the said Parke A. Galleher is not admitted to practice in the courts of the State of New York and, therefore, cannot come under the provisions of section 231-a of the Surrogate's Court Act, as the same does not apply to attorneys of other jurisdictions.

Order accordingly.